

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Attention: Mr. J. B. Draper

Dear Sir:
                        Opinion No. 0-3726
                        Re: Forms in connection with
                            the suspension of a Texas
                            Driver's license, under
                            House Bill No. 20 of the
                            47th Legislature.

        We are pleased to comply with your letter of recent date, which reads as follows:

        "We are submitting for your approval the enclosed forms in connection with suspending a Texas driver's license upon conviction of the licensee in another State for an offense therein which, if committed in this State, would be grounds for suspension under Sections 22 and 28, Article IV, H. B. No. 20, the Amended Driver's License Law.

        "We shall greatly appreciate any assistance that you may give us relative to proper forms to be used in facilitating hearings."

        The forms enclosed with your request include a letter notification to the licensee, together with notice of charge and hearing and summons to appear to be enclosed therewith; waiver of hearing on the part of the licensee; and letter of notification to the court designated to hold such hearing.

        Sections 22 and 28, Article IV, House Bill No. 20 of the 47th Legislature, read as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Garrison, Jr., Page 2

"Section 22.  Authority of Department to suspend or revoke a license.  (a) When under Section 10 of this Act the Director believes the licensee to be incapable of safely operating a motor vehicle, the Director may notify said licensee of such fact and summons him to appear for hearing as provided hereinafter.  Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this Section, and upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing.  For the purpose of hearing such cases jurisdiction is vested in the mayor of the city, or judge of the police court, or a justice of the peace in the county or subdivision thereof where the operator or licensee resides.  Such court may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relative books and papers.  It shall be the duty of the court to set the matter for hearing upon ten (10) days written notice to the Department.  Upon such hearing, in the event of an affirmative finding by the Court, the officer who resides at such hearing shall report the same to the Department which shall have authority to suspend said license for a period not greater than one (1) year, provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo.  Notice by registered mail to address shown on the license of licensee shall constitute service for the purpose of this Section.

"(b)  The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

"1. Has committed an offense for which automatic suspension of license is made upon conviction;

"2. Has been responsible as a driver for any accident resulting in the death or personal injury of another or serious property damage;

"3. Is an habitually reckless or negligent driver of a motor vehicle;

"4. Is an habitual violator of the traffic law;

"5. Is incapable to drive a motor vehicle;

"6. Has permitted an unlawful or fraudulent use of such license;

"7. Has committed an offense in another State, which if committed in this State would be grounds for suspension or revocation;

"8. Has failed or refused to submit a report of any accident in which he was involved as provided in Section 39 of this Act.

"Section 28. Suspending resident's license upon conviction in another State.

"The Department is authorized to suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another State of an offense therein which, if committed in this State, would be grounds for suspension or revocation of the license of an operator, commercial operator, or chauffeur."

Subsection (a) of Section 22 requires the Department to direct the mayor of a city, or a judge of the police court, or a justice of the peace, to hold the required hearing and to set a date therefor, and the Department to notify the licensee in writing of the charge against him, of the date and place of the hearing, and summons him to appear therefor. It is required that a copy of the charges in writing and notification to the

Honorable Homer Garrison, Jr., Page 4

licensee of the hearing, and the summons to him, shall be given the licensee not less than ten days before the hearing. There is nothing in the Act to prohibit the doing of each of these acts, in relation to the licensee, simultaneously. Obviously, however, the date of the hearing must be set and known by the Department before it can notify the licensee thereof.

In the form letter to the court designated to hold the hearing, it is recited that a copy of the charges against the licensee have already been mailed to him, and the court is requested to advise the department of the date of the hearing. If this procedure is adopted, we point out that the licensee will subsequently have to be notified of the date of the hearing, and this not less than ten days before.

In the form notification to the licensee enclosed with your letter, the date of the hearing is provided for. If a simultaneous notification to the licensee is made, as indicated by this form, it will, of course, have to be after the court has been designated and the hearing date set.

Subsection (b) 7 of Section 22 and Section 28 authorize the suspension of a license when the licensee "Has committed an offense in another State, which if committed in this State would be grounds for suspension or revocation." In the notice to the licensee the charges against him must be described. This must be done with certainty and particularity in order that the licensee may be fully apprised of the conviction in another state which forms the basis of the charge against him, and in order that it may clearly appear that the offense committed in the other state would be grounds for suspension in this State. The offense as reflected in the judgment of conviction should therefore be embodied carefully in the charges in writing made against the licensee. To illustrate: in the forms submitted appears the language "a charge of operating a motor vehicle while under the influence of intoxicating liquor." This is not an offense under the laws of Texas. The operation of the motor vehicle must be while upon a public road or highway, or upon a street or alley within the limits of an incorporated city, town or village.

If the licensee, after having been given notice of the hearing and of the charge, either waives further notice thereof or waives the hearing, doubtless he could not thereafter successfully attack the proceedings in these particulars. The form

Honorable Homer Garrison, Jr., Page 5

waiver which you have submitted is adequate for this purpose.

No particular forms are required in these proceedings and, with the suggestions we have made, the ones submitted by you, together with the procedure indicated, appear to be proper.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Zollie C. Steakley
Assistant

ZCS:ej


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN